JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEREMY MARBLE on behalf of himself and on behalf of all others similarly situated and the General Public,<br><br>       Plaintiffs,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., a Delaware corporation; CHARTIS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>       Defendants. | CASE NO.: CV11-05720-GW(SSX)<br>*[Hon. Judge George H. Wu]*<br><br>**<u>CLASS ACTION</u>**<br><br>**ORDER APPROVING CLASS ACTION SETTLEMENT, GRANTING ATTORNEYS FEES AND EXPENSED AND FINAL JUDGMENT**<br><br>DATE:         June 20, 2013<br>TIME:         8:30 A.M.<br>COURTROOM: 10<br><br>Complaint Filed:  May 11, 2011 |

On June 20, 2013, a hearing pursuant to Federal Rule Civil Procedure 23(e) was held before this Court for the following purpose:

    a. To finally determine whether the Class satisfies the applicable prerequisites for certification for settlement purposes under Fed. R. Civ. P. 23(a) and (b);

    b. To determine whether the proposed settlement, as reflected in the Settlement Agreement attached to the Motion for Preliminary Approval [Dkt. No. 43], is fair, reasonable, and adequate, and should be finally approved by the Court;

    c. To determine whether the proposed Order and final Judgment should be entered, and to determine whether the release by the Class, as set forth in the Settlement Agreement, should be provided;

    d. To consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; and

    e. To rule upon such other matters as the Court may deem appropriate.

IT IS HEREBY ORDERED, as follows:

    1.    The Court finds for the purposes of this Settlement, that the prerequisites under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the claims of the Class Members that they represent; (d) the Plaintiffs have represented, and will fairly and adequately represent, the interests of Class Members; (e) questions of law and fact common to Class Member predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

    2.    Solely for the purposes of this settlement, a settlement class is hereby

certified and defined as follows: "*All individuals employed by Defendants as Claims Adjusters (including Claims Analysts, Claims Specialists and Litigation Specialists) in the Private Client Group in either the Auto, Casualty or Property Unit in California between May 11, 2007 and the date that the Court approves this Settlement Agreement* ("Settlement Class").

3.    A member of the Class shall hereinafter be referred to as a "Settlement Class Member."

4.    The Court hereby approves, as fair, reasonable, and adequate under Fed. R. Civ. P. 23, the Settlement, and the terms contained in the Settlement Agreement.

5.    Solely for the purposes of this settlement, Plaintiff Jeremy Marble is appointed as the class representative and Plaintiff's counsel, Mark J. Skapik and Geralyn L. Skapik of the Skapik Law Group, Brian S. Kabateck of Kabateck Brown Kellner LLP, and Eric C. Morris of the Southern California Lawyers Group, PC, are appointed as Class Counsel.

6.    Notice of the pendency of this action (the "Action") as a class action and of the Stipulation was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed settlement embodied in the Stipulation met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, constitutes the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7.    The Stipulation and the settlement embodied therein is approved as fair, reasonable, and adequate.

8.    The obligations incurred pursuant to the Settlement Agreement are in full and final disposition of the Action.

9.    The operative complaint in the Action is hereby dismissed with

prejudice as against Defendants.

10.     Plaintiffs and all Class Members on behalf of themselves, their heirs, executors, administrators, successors and assigns, hereby, with respect to each and every Released Claim (as defined in the Stipulation), release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims any of the Released Parties, whether or not such Plaintiffs and/or Class Members execute and deliver a Claim Form.

11.     The Court finds that all parties and their Counsel have complied with each requirement of the Federal Rules of Civil Procedure as to all proceeding herein.

12.     The Court further finds that the response of the Class to the proposed settlement embodied in the Settlement Agreement supports final settlement approval.  No Class Member has filed an objection to the proposed settlement and all Class Members have executed and returned their settlement forms to the Claim Administrator.

13.     Class Counsel are hereby awarded the following attorneys' fees and costs: (i) attorneys' fees - $317,400.00; and (ii) costs - $10,836.95, which sum the Court finds to be fair and reasonable, which shall be paid to Plaintiffs' Counsel, Geralyn L. Skapik, Skapik Law Group, directly by Defendants.

14.     This Court retains jurisdiction over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment.

        **IT IS SO ORDERED.**

Dated: **June 20, 2013**          By: _____

                                       The Honorable George H. Wu
                                       United States District Court Judge

- 4 -                                    CV11-05720 GW(SSX)

**PROOF OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the county of San Bernardino, State of California, and not a party to the above-entitled cause.

On May 23, 2013, I served a true copy of:  **[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT, GRANTING ATTORNEYS FEES AND EXPENSED AND FINAL JUDGMENT** by personally delivering it to the person(s) indicated below in the manner as provided in FRCiv 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

Nick S. Pujji, Esq.                     *Attorneys for Defendants:*
DLA PIPER LLP (US)                      *AMERICAN INTERNATIONAL*
2000 Avenue of the Stars                *GROUP, INC. and CHARTIS, INC.*
Suite 400, North Tower
Los Angeles, CA  90067                  (310) 595-3000; Fax:  (310) 595-3300
                                        nick.pujji@dlapiper.com


☒     (**BY MAIL**)  The envelope was mailed with postage thereon fully prepaid. As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Chino Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed May 23, 2013, in Chino Hills, California.


_____
LOURDES CHACON

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLMT,
PROVIDING FOR NTC & SETTING FINAL APPROVAL HRG